IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

C.A.L., a minor by and through,
PAUL ALAN LEAFSTEDT, individually,
and custodial parent and next friend of C.A.L,

        Plaintiffs,
   v.

AROVAST CORPORATION d/b/a
COSORI CORPORATION,
a California Corporation,

        Defendant.

---

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **AROVAST CORPORATION d/b/a COSORI CORPORATION** (hereafter referred to as "Defendant Cosori"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. Defendant Cosori designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "Cosori Original 6qt Pressure Cooker," which specifically includes the Model Number C2126-PC (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

1

2. Defendant touts that "safe[ty] is always priority"[1] of its pressure cookers, and states that they have "9 safety mechanisms ensure safe operation for daily use"[2] and that claims that "lid will remain locked until the float valve drops down."[3] Despite Defendant's claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to,

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendant Cosori's conduct, the Plaintiffs in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See*, e.g. https://www.cosori.com/shop/cosori-original-6qt-pressure-cooker (last accessed January 28, 2021)
[2] *Id.*
[3] *See* Cosori Original 6qt Pressure Cooker Model No.C2126-PC Owner's Manual, pg. 11., incorporated by referenced and attached hereto as Exhibit A.

## PLAINTIFFS C.A.L. & PAUL ALAN LEAFSTEDT

6. Plaintiff C.A.L. is a resident and citizen of the city of Arvada, County of Jefferson, State of Colorado, where he resides with his father, Plaintiff Paul Alan Leafstedt ("Plaintiff Leafstedt").

7. On or about February 27, 2019, the Plaintiffs suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiffs. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms,"[4] which purports to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT COSORI

8. Defendant Cosori designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Defendant Cosori is a California Corporation, with a principal place of business located at 960 North Tustin Street, #189, Orange, California 92867-5956

## JURISDICTION AND VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

---

[4] https://www.cosori.com/shop/cosori-original-6qt-pressure-cooker (last accessed Jnauary 28, 2021)

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Jurisdiction in this Court is also proper in that Defendant Cosori has established sufficient minimum contacts with the State of Illinois through the sale and distribution of its products.

## FACTUAL BACKGROUND

13. Defendant Cosori is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

14. On it's website, Defendant Cosori touts that "safe[ty] is always priority" of its pressure cookers, and states that they have "9 safety mechanisms ensure safe operation for daily use" and that claims that "lid will remain locked until the float valve drops down."[5] which misleads the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

15. Defendant Cosori also claims that the "Cosori 6Qt pressure cooker is the latest generation multi-use kitchen appliance"[6] and that it features a "unique pressure release button to quickly expel pressure" to purportedly protect the user from hot steam.

16. Additionally, according to the Owner's Manual accompanying each individual unit sold, Defendant Cosori states that "the lid will remain locked until the float valve drops down" [7]

---

[5] *Id.*
[6] *Id.*
[7] *See* Cosori Original 6qt Pressure Cooker Model No.C2126-PC Owner's Manual, pg. 11.

4

17. By reason of the forgoing acts or omissions, the Plaintiff Leafstedt purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff Leafstedt used the pressure cooker for its intended purpose of preparing meals for himself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant Cosori.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant Cosori in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiffs and similar consumers in danger while using the pressure cookers.

20. Defendant Cosori's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant Cosori's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiffs directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

23. Defendant Cosori knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintifsf and the public. Nevertheless, Defendant Cosori continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of their pressure cookers.

24. As a direct and proximate result of Defendant Cosori's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff Leafstedt's simple removal of the lid of the Pressure Cooker.

25. Consequently, the Plaintiffs in this case seeks compensatory damages resulting from the use of Defendant Cosori's pressure cooker as described above, which has caused the Plaintiffs to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### STRICT LIABILITY

26. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

27. At the time of Plaintiffs' injuries, Defendant Cosori's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiffs.

28. Defendant Cosori's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant Cosori.

29. Plaintiff Leafstedt did not misuse or materially alter the pressure cooker.

30. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

31. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

a. The pressure cookers designed, manufactured, sold, and supplied by Defendant Cosori were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

c. Defendant Cosori failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

d. Defendant Cosori failed to warn and place adequate warnings and instructions on the pressure cookers;

e. Defendant Cosori failed to adequately test the pressure cookers; and

f. Defendant Cosori failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

32. Defendant Cosori actions and omissions were the direct and proximate cause of the Plaintiffs' injuries and damages.

33. Defendant Cosori risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Cosori for damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

### SECOND CLAIM FOR RELIEF
### NEGLIGENCE

34. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

35. Defendant Cosori had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff Leafstedt.

36. Defendant Cosori failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant Cosori knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiffs and consumers alike.

37. Defendant Cosori was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

38. Despite the fact that Defendant Cosori knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendant Cosori continued to market (and continue to do so) its pressure cookers to the general public.

39. Defendant Cosori risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Cosori for damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

40. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

41. Defendant Cosori expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff Leafstedt. Moreover, Defendant Cosori expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. For example:

   a. "For your safety, the lid will remain locked until the float valve drops down."[8]

42. Members of the consuming public, including consumers such as the Plaintiffs were the intended third-party beneficiaries of the warranty.

43. Defendant Cosori marketed, promoted and sold its pressure cookers as a safe product, complete with "safety mechanism."

44. Defendant Cosori's pressure cookers do not conform to this express representation because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

45. Defendant Cosori breached its express warranties in one or more of the following ways:

   a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendant Cosori, were defectively designed and placed into the stream of commerce by Defendant Cosori in a defective and unreasonably dangerous condition;

   b. Defendant Cosori failed to warn and/or place adequate warnings and instructions on their pressure cookers;

---

[8] *Id.*

      c.    Defendant Cosori failed to adequately test its pressure cookers; and

      d.    Defendant Cosori failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

46.    Plaintiff Leafstedt purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

47.    Plaintiffs' injuries were the direct and proximate result of Defendant Cosori's breach of its express warranties.

48.    Defendant Cosori risked the safety and well-being of the consumers and users of its Pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Cosori for damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**FOURTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE**

49.    Plaintiffs incorporats by reference each preceding and succeeding paragraph as though set forth fully at length herein.

50.    Defendant Cosori manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

51.    Members of the consuming public, including consumers such as Plaintiff Leafstedt, were the intended third-party beneficiaries of the warranty.

52. Defendant Cosori's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

53. Plaintiff Leafstedt in this case reasonably relied on Defendant Cosori's representations that its pressure cookers were a quick, effective and safe means of cooking.

54. Defendant Cosori's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiffs' injuries and damages.

55. Defendant Cosori risked the safety and well-being of the consumers and users of its Pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Cosori for damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

56. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

57. At the time Defendant Cosori marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant Cosori warranted that its Pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

58. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

59. Defendant Cosori's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

60. Plaintiff Leafstedt purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

61. Defendant Cosori's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiffs' injury and damages.

62. Defendant Cosori risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiffs to this action, with the knowledge of the safety and efficacy problems and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiffs demand judgment against Defendant Cosori for damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT
## C.R.S. § 6-1-105, *et. seq.*

63. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein.

64. The Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-105, *et. seq.,* a "person" engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, that the person, *inter alia,* "[k]nowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods, food, services, or property or a false representation as to the sponsorship, approval, status, affiliation, or

connection of a person therewith;" and "[r]epresents that goods, food, services, or property are of a particular standard, quality, or grade, or that goods are of a particular style or model, if he knows or should know that they are of another." C.R.S. §§ 6-1-105 (e) and (g).

65. At all times material herein, Defendant warranted and represented that its pressure cookers were safe and free of defects in materials and workmanship and that they possessed certain "safety mechanisms".

66. Defendant's warranties and representations that its pressure cookers were safe and free from defects, including that they possessed "safety mechanisms," would influence a reasonable consumer's decision whether to purchase the pressure cookers.

67. Defendant's failure to warn of its pressure cookers defects was a material omission that would influence a reasonable consumer's decision whether to purchase its pressure cookers.

68. Plaintiff Leafstedt relied on the truth of Defendant's warranties and representations concerning the pressure cookers, and Plaintiffs suffered personal damages as result of this reliance.

69. Had Plaintiff Leafstedt been adequately warned concerning the likelihood that the pressure cooker's lid could be removed while pressurized, he would have taken steps to avoid damages by not purchasing this product. As a result of these violations of consumer protection laws, the Plaintiffs in this case has incurred and will incur: serious physical injury, pain, suffering, loss of income, loss of opportunity, loss of family and social relationships, and medical and hospital expenses and other expense related to the diagnosis and treatment thereof, for which the Defendant s liable.

**WHEREFORE,** Plaintiffs demand judgment against Defendant for compensatory damages, together with interest, costs of suit and all such other relief as the Court deems proper.

**INJURIES & DAMAGES**

72. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiffs have suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries they suffered from the incident.

73. As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff have incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries they suffered from the incident.

74. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiffs have and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries they suffered from the incident.

75. Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including exemplary damages if applicable, to which they entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendant;
   b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;
   c. pre and post judgment interest at the lawful rate;
   d. a trial by jury on all issues of the case;

e. an award of attorneys' fees; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**JOHNSON BECKER, PLLC**

Dated: 01/28/2021

*/s/ Adam J. Kress, Esq.*
Michael K. Johnson, Esq. (MN ID #0258696)
Kenneth W. Pearson, Esq. (MN ID #016088X)
Adam J. Kress, Esq.  (MN ID #0397289)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
mjohnson@johnsonbecker.com
kpearson@johnsonbecker.com
akress@johnsonbecker.com

***Attorneys for Plaintiff***